## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOSPITALITY STAFFING SOLUTIONS, LLC, 1640 Powers Ferry Road Building 3, Suite 200 Atlanta, GA 30067 <br><br> Plaintiff, <br><br><br> NOENI R. REYES, 8007 Darcy Road District Heights, MD 20747 <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No.: |

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DAMAGES

Plaintiff Hospitality Staffing Solutions, LLC ("HSS"), by its undersigned counsel, sues Defendant Noeni R. Reyes ("Reyes"), and states:

## NATURE OF THE ACTION

1.

This action arises out of a breach of restrictive covenants and a confidentiality agreement. Reyes, a former employee, ceased employment with HSS on or about April 16, 2010 when he was unable to verify his continued ability to work in the United States. Soon thereafter, upon information and belief, Reyes became engaged by Capitol Staffing, an HSS competitor. In violation of his agreements with HSS, Reyes is soliciting HSS clients and HSS employees and disclosing and utilizing confidential and proprietary information. Absent injunctive relief, HSS has no reason to believe that Reyes will stop his illegal conduct and wrongful actions.

2.

By filing this action, HSS invokes all available equitable and legal remedies to rectify the harm and attendant damages resulting from Reyes' wrongful conduct.  Accordingly, HSS seeks an Order restraining Reyes' further use of its confidential information and raids on its business, and requiring Reyes' compliance with the applicable restrictive covenants.

PARTIES

3.

HSS is a Georgia Limited Liability Company with its principal place of business in Atlanta, Georgia.  HSS does business in the District of Columbia.

4.

Reyes is a resident of the State of Maryland, residing at 8007 Darcy Road, District Heights, Maryland 20747.

JURISDICTION AND VENUE

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties to this action and the amount in controversy exceeds $75,000.00.

FACTS COMMON TO ALL COUNTS

6.

Reyes executed a Restrictive Covenant Agreement ("Restrictive Covenant") (Exhibit A) on August 7, 2006.  Reyes executed a Confidentiality Agreement (Exhibit B) on August 7, 2006.

7.

Section 1.2 of the Restrictive Covenant provides that for a period of one (1) year following the termination of his employment for whatever reason, Reyes shall not "actively solicit, contact, or call upon any existing or prospective clients of HSS with whom [Reyes] had Material Contact during his/her engagement with HSS, for the purpose of in engaging in the Business." The first Whereas clause of the Restrictive Covenant defines HSS "Business" as the "recruitment, placement, and management of staffing personnel for the hospitality, hotel, and janitorial industries, throughout the United States."

8.

Section 1.3 of the Restrictive Covenant provides that for a period of one (1) year following termination of employment for whatever reason, Reyes shall not "actively encourage or induce the voluntary termination of, or recruit any person(s) then employed by or associated with HSS as an Employee or independent contractor for the purpose of engaging in [HSS'] Business."

9.

Section 1.5 of the Restrictive Covenant provides that for a period of two (2) years following termination of employment for whatever reason, Reyes "shall not disclose or make available, directly or indirectly, any of HSS' information or material . . . to be confidential and/or proprietary to HSS or to third parties to which HSS owes a duty of nondisclosure ("Confidential Information"), to any person, concern or entity." Similar provisions are recited at Section 1.1.2 of the Confidentiality Agreement which also provides in Section 1.1.3 that Reyes must "surrender and deliver to" HSS all of HSS property, including proprietary information, upon termination of employment.

3

10.

Reyes expressly acknowledged, in signing the Restrictive Covenant, that HSS had developed, and during the term of the Agreements would develop, at considerable expense, relationships with and knowledge about clients and employees.

11.

Reyes expressly agreed that he received good and valuable consideration for executing the Agreements.

12.

Reyes expressly agreed that if a court were to determine that any covenant was "illegal, invalid, or unenforceable" it will not invalidate the remaining provisions of the Agreement.

13.

Reyes expressly agreed that HSS could avail itself of "any other remedies available to it at law or in equity, to enjoin [Reyes] from violating or threatening to violate such provisions."

14.

On or about April 16, 2010, Reyes' employment with HSS was terminated because Reyes could not provide documentation to verify his continued right to employment in the United States.

15.

Soon thereafter, Reyes became engaged with Capitol Staffing and began to actively recruit current and former HSS employees for the purpose of competing with HSS. Upon information and belief, Reyes is using and disclosing confidential and proprietary information of HSS, including, but not limited to client information, prospective client information, pricing information, and billing rates.

4

16.

At the time of Reyes' separation, HSS had a contract to provide Hospitality Staffing to the Dupont Hotel located at 1500 New Hampshire Avenue NW, Washington D.C. 20036.

17.

Soon after Reyes' separation, Dupont Hotel gave HSS notice of its intent to terminate its contract with HSS. Dupont replaced HSS with hospitality staffing provided by Reyes through Capitol Staffing. Upon information and belief, Reyes solicited business with the Dupont Hotel.

COUNT I

(Preliminary and Permanent Injunctive Relief)

18.

HSS realleges paragraphs 1-17 of this Complaint as if those allegations appear in full in this paragraph.

19.

Reyes' ongoing and threatened breaches of the Restrictive Covenant and Confidentiality Agreement and other wrongful acts are unlawful and will irreparably harm HSS unless Reyes is preliminarily and permanently enjoined from violating those covenants and engaging in the wrongful conduct. Reyes' ongoing disclosure and use of HSS' confidential and proprietary information is unlawful and will irreparably harm HSS unless Reyes is preliminarily and permanently enjoined from disclosing or using HSS confidential and proprietary information.

20.

No adequate remedy exists at law to protect HSS from the results of Reyes' breach or threatened breach of the Restrictive Covenant and Confidentiality Agreement.

21.

There is a substantial likelihood that HSS will prevail on its claims in this action.

22.

The hardships on HSS if injunctive relief is denied heavily outweigh any harm to Reyes from being restrained from violating the Restrictive Covenant and Confidentiality Agreement.

23.

The public interest would be served by enjoining Reyes from violating the Restrictive Convent and Confidentiality Agreement.

WHEREFORE, HSS requests that the Court:

a.    preliminarily and permanently enjoin Reyes, in accordance with the terms of the Restrictive Covenant, from directly or indirectly, on his own behalf or in the service of others actively soliciting, contacting or calling upon any existing or prospective clients of HSS with whom Reyes had material contact;

b.    preliminarily and permanently enjoin Reyes, in accordance with the terms of the Restrictive Covenant, from directly or indirectly, on his own or on behalf of others, actively encouraging or inducing the voluntary termination of, or recruitment of any person(s) employed by HSS as an employee or independent contractor;

c.    preliminarily and permanently enjoin Reyes from disclosing and utilizing HSS' confidential and proprietary information; and

d.    award HSS its reasonable expenses, including the reasonable attorney's fees and costs, incurred in connection with seeking this relief and such other and further relief as may appear just and proper.

## COUNT II

### (Breach of Contract)

24.

HSS realleges paragraphs 1-17 of this Complaint as if those allegations appear in full in this paragraph.

25.

Reyes has breached the Restrictive Covenant. Specifically, Reyes has solicited HSS' client, the Dupont Hotel, with whom Reyes had material contact while employed by HSS, and has solicited HSS employees for the purpose of engaging them in a competing business - all to the detriment of HSS.

26.

Reyes' breaches of the Restrictive Covenant are material.

27.

As a result of the breaches, HSS has suffered substantial damages.

WHEREFORE, HSS requests that this Court:

a.      enter judgment against Reyes for compensatory damages representing the harm caused by his breaches to HSS;

b.      award HSS damages because Reyes' breach of contract caused damages in excess of $75,000.00; and

c.      award HSS its reasonable expenses, including the reasonable attorney's fees and costs, incurred in connection with seeking this relief, and other and further relief as may appear just and proper.

7

## COUNT III

(Tortious Interference with Existing and Prospective Business Relationships)

28.

HSS realleges paragraphs 1-17 of this Complaint as if those allegations appear in full in this paragraph.

29.

Reyes improperly and without privilege or justification has engaged in, and is continuing to engage in, the unlawful enticement and solicitation of HSS' clients, and has unlawfully interfered and continues to interfere with HSS' existing and prospective contractual and business relationships with these entities. HSS seeks a declaratory judgment from this Court stating that the Restrictive Covenant is enforceable.

30.

Reyes has misappropriated HSS' Confidential and Proprietary information, violated the Restrictive Covenant and Confidentiality Agreement, and has tortuously interfered with HSS' contractual and business relationships.

32.

The foregoing conduct was, and continues to be, intentional and calculated to cause damage to HSS.

33.

The foregoing conduct has caused, and will continue to cause, substantial damage to HSS with respect to its contractual and business relationships with its clients.

WHEREFORE, HSS requests that this Court:

a.  enter judgment against Reyes for compensatory damages in an amount to be proved at trial;

b.  award HSS damages because Reyes' tortuous interference caused damages in excess of $75,000.00; and

c.  award HSS its reasonable expenses, including reasonable attorney's fees and costs, incurred in connection with seeking this relief, and such other and further relief as may appear just and proper.

Respectfully submitted,

**JACKSON LEWIS LLP**

Date:  August 19, 2010                 By:  _____

Garen E. Dodge, DC Bar No. 370582
Alyson J. Guyan, DC Bar No. 502319
10701 Parkridge Boulevard, Suite 300
Reston VA  20191
Ph:  (703) 483-8300
Fax: (703) 483-8301
DodgeG@jacksonlewis.com
Alyson.Guyan@jacksonlewis.com

*Counsel for Plaintiff*