# EXHIBIT A

HOSPITALITY STAFFING SOLUTIONS

<u>RESTRICTIVE COVENANT AGREEMENT</u>

**THIS RESTRICTIVE COVENANT AGREEMENT** (the "Agreement") made this 7th day of August, 2006, by and between **Noeni R. Reyes**, an individual (the "employee") with residence address at **8007 Darcy Rd, District Heights, MD 20747**, and Hospitality Staffing Solutions, LLC, a Georgia Limited Liability Company ("HSS"), with principal address at 1640 Powers Ferry Road, Building 3, Suite 200, Atlanta, Georgia 30067 (collectively, the "Parties" and each individually a "Party").

WITNESSETH:

**WHEREAS,** HSS is principally engaged in the business of recruitment, placement, and management of staffing for the hospitality, hotel, and janitorial industries, throughout the United States (the "Business"); and

**WHEREAS,** HSS has invested large amounts of time, effort and money in establishing, and has established, a good reputation and substantial demand for its services, as well as substantial goodwill in the trade names "Hospitality Staffing Solutions" and "HSS", which names signify to the public the highest standards of professional integrity and quality service; and

**WHEREAS,** Employee desires to be employed by HSS or continue employment with HSS, and HSS desires to engage or continue engaging the services of Employee, for services including without limitation (1) maintaining, improving, and developing the Business, as well as such other duties as are consistent with this position, (2) servicing HSS' clients, and (3) such duties as shall from time to time be assigned to Employee reasonably and in good faith by HSS' President or the Employee's supervisors (the "Duties"); and

**WHEREAS,** HSS' major asset is the goodwill it has established through the investment of considerable time and sums of money with its clients and Employees, and its principal contacts with said clients are through its Employees; HSS both encourages and wishes to protect such client relations on its behalf; HSS' Employees, in dealing with HSS' clients and client accounts, both develop and come in contact with HSS' trade secrets and special and confidential information, which are of great importance to HSS in representing its clients and are treated by HSS as either trade secrets or secret and confidential information, depending on the nature of said information;

**NOW, THEREFORE,** for and in consideration of the foregoing, of the mutual promises and covenants set forth herein, of the sum of TEN and No/100 Dollars ($10.00), and of other good and valuable consideration paid by HSS to Employee, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby agree as follows:

1

## 1. RESTRICTIVE COVENANTS

**1.1**    **Covenant Not to Compete.** Employee agrees that during the term of his/her employment by HSS, Employee shall not become employed by, or serve as an Employee or independent contractor for, either individually or through any entity with which Employee is affiliated, any entity other than HSS which engages in the recruitment, placement, or management of staffing personnel for the hospitality, hotel, or janitorial industries. Employee agrees further that for a period of one (1) year following the termination of his/her employment with HSS for any reason whatsoever, the Employee shall not, within a 25-mile radius of HSS' principal address as set forth above, either directly or indirectly, on his/her own behalf or in the service of or on behalf of others, engage in the recruitment, placement, or management of staffing personnel for the hospitality, hotel, or janitorial industries.

**1.2**    **Agreement Not to Solicit Customers.** Employee agrees that during the term of his/her employment by HSS and for a period of one (1) year following the termination of such employment for any reason whatsoever, the Employee shall not, either directly or indirectly, on his/her own behalf or in the service of or on behalf of others, actively solicit, contact, or call upon any existing or prospective clients of HSS with whom Employee had Material Contact during his/her engagement with HSS, for the purpose of engaging in the Business. For purposes of this Section, "Material Contact" is any interaction between Employee and a client or prospective client of HSS in any effort to further HSS' Business where such interaction took place within one year before the termination of this Agreement.

**1.3**    **Agreement Not to Solicit Employees.** Employee agrees that during the term of his/her employment by HSS and for a period of one (1) year following the termination of such employment for any reason whatsoever, Employee shall not, either directly or indirectly, on his/her own behalf or on behalf of others, actively encourage or induce the voluntary termination of, or recruit any person(s) then employed by or associated with HSS as an Employee or independent contractor for the purpose of engaging in the Business.

**1.4**    **Trade Secrets.** For a period commencing with the date first above written and continuing in perpetuity, Employee shall not, either directly or indirectly, on Employee's own behalf or in the service of or on behalf of others, copy, make use of, or disclose or make available, directly or indirectly, to any person, any of HSS' Trade Secrets, as that term is defined in O.C.G.A. § 10-1-761(4), including without limitation the identities of HSS' clients. Employee further agrees that, during and after termination of his/her employment, Employee will not remove any documents containing Trade Secrets from HSS' premises without HSS' written consent.

**1.5**    **Disclosure of Information.** During the term of his/her employment by HSS and for a period of two (2) years following the termination of such employment for any reason whatsoever, the Employee shall not disclose or make available, directly or indirectly, any of

2

HSS' information or material (other than Trade Secrets, which are addressed separately at Paragraph 1.4 of this Agreement), whether oral or written, that may be reasonably understood, from legends or other manner, the nature of such information itself and/or the circumstances of such information's disclosure, to be confidential and/or proprietary to HSS or to third parties to which HSS owes a duty of nondisclosure ("Confidential Information"), to any person, concern or entity except in the proper performance of Employee's duties and responsibilities as an Employee of HSS or with the prior written consent of HSS. Employee further agrees that Employee shall not remove any documents containing Confidential Information from HSS' premises without HSS' written consent. To the extent that it does not constitute a Trade Secret, such Confidential Information may include, without limitation, any of the following:

(a)   Information developed or compiled by HSS pertaining to the Business; methods and procedures for operation of HSS' business, HSS' systems of operation; HSS' financial information, financial plans, business plans, and product plans; HSS' passwords or HSS' clients' passwords; information contained in HSS' or HSS' clients' networks, databases, applications systems, servers, workstations, voicemail systems, or email systems; HSS' plans for marketing and future development;

(b)   HSS' forms, records, and client lists; HSS' client, vendor, professional and customer agreements, HSS' clients, partnerships, and joint venturers; HSS' prospective clients, prospective partnerships, and prospective joint venturers; HSS' accounting and financial records, documents, computer programs and software applications, schematics, and firmware; or

(c)   Data and information relating to HSS' business which is or has been disclosed to Employee or of which Employee became aware as a consequence of his/her relationship with HSS and which has value to HSS and is not generally known to HSS' competitors;

(d)   Provided, however, that such Confidential Information shall not include any data or information that has been voluntarily disclosed to the public by HSS (except where such public disclosure has been made by Employee without authorization) or that has been independently developed and disclosed by others, or that otherwise enters the public domain through lawful means.

1.6     Employee agrees that if, during the restricted time period listed in Section 1.6 above, he/she becomes aware of unlawful use of any Confidential Information by a third party, he/she shall immediately advise HSS of said occurrence.

1.7     **Injunctive Relief.** Employee acknowledges that the Restrictive Covenants set forth in this Section 1 are reasonably necessary in light of the competitive nature of HSS'

3

Business. As Employee recognizes that a violation by Employee of any of the provisions of this Section 1 could cause irreparable injury to HSS and as there is no adequate remedy at law for such violation, HSS shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin Employee from violating or threatening to violate such provisions. The existence of any claim or cause of action of Employee against HSS, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by HSS of the Restrictive Covenants set forth in this Section 1. In any action brought to enforce these Restrictive Covenants, in the event that HSS prevails, HSS shall be entitled to an award of all reasonable attorney's fees and expenses incurred by it to enforce these Restrictive Covenants.

## 2. MISCELLANEOUS

2.1    **No Waivers.** Neither Party shall be deemed to waive any of its rights, powers or remedies hereunder unless such waiver is in writing and signed by said Party. No delay or omission by either Party in exercising any of said rights, powers or remedies shall operate as a waiver thereof. Nor shall a waiver signed by either Party of any breach of the covenants, conditions or agreements binding on the other Party on one occasion be construed as a waiver or consent to such breach on any future occasion or a waiver of any other covenant, condition, or agreement herein contained.

2.2    **Assignment.** The rights and obligations of HSS under this Agreement may be assigned by HSS. Employee's obligations are personal and may not be assigned.

2.3    **Binding Agreement.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective legatees, distributees, legal representatives, successors and assigns.

2.4    **No Applicable Prior Restrictions.** Employee represents that Employee is not bound by any prior employment agreement, other agreement, or restrictive covenants the terms of which would conflict with any of the terms of this Agreement or the performance of Employee's work for Company.

2.5    **Severability.** Any provision of this Agreement held or determined by a court (or other legal authority) of competent jurisdiction to be illegal, invalid, or unenforceable in any jurisdiction shall be deemed separate, distinct and independent, and shall be ineffective to the extent of such holding or determination without (1) invalidating the remaining provisions of this Agreement in that jurisdiction or (2) affecting the legality, validity or enforceability of such provision in any other jurisdiction.

2.6    **Captions and Headings.** Captions and paragraph headings used in this Agreement are for convenience only and shall not be used to interpret any provision hereof.

4

**2.7     Entire Agreement.**     This Agreement constitutes the entire agreement and understanding of the Parties with respect to the subject matter hereof, and is intended as the Parties' final expression and complete and exclusive statement of the terms thereof, superseding all prior or contemporaneous agreements, representations, promises and understandings, whether written or oral, and may be amended or modified only by an instrument in writing signed by both Parties.

**2.8     Notices.**     Any notice required or permitted to be given hereunder shall be (1) in writing, (2) effective upon receipt, and (3) delivered by the United States Postal Service, first class, certified mail, return receipt requested, postage prepaid, to the Parties' respective addresses set forth at the beginning of this Agreement or to such other addresses of which the Parties have been advised in writing by the above-described means.

**2.9     Governing Law.**     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

**2.10     Venue and Jurisdiction.**     The Parties hereby consent and submit themselves to the exclusive personal jurisdiction and venue of the Superior Court of Fulton County, Georgia for the adjudication of any dispute arising under this Agreement.

**IN WITNESS WHEREOF**, the Parties have executed or caused their duly authorized officers to execute this Agreement the day and year first above written.

HOSPITALITY STAFFING SOLUTIONS, LLC
("HSS")

By: _____

___Mauricio Ramirez_____
Print or Type Name

Title:   ___Regional Director of Operation___

___Noemi  Z. Reyes_____
(Employee Name)

5