# EXHIBIT B

CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY AGREEMENT (the "Agreement") is made as of the "August 7, 2006 (the "Effective Date"), by and between HOSPITALITY STAFFING SOLUTIONS, whose principal business address is 1640 Powers Ferry Road, Building 3, Suite 200, Marietta, Georgia 30067 and NOENI R. REYES ("RECIPIENT") (collectively, the "Parties" and each individually a "Party").

WITNESSETH:

WHEREAS, The Parties will enter into discussions regarding the provision of services by RECIPIENT to Hospitality Staffing Solutions (the "Discussions"); and

WHEREAS, during the course of the Discussions, Hospitality Staffing Solutions will disclose to RECIPIENT Proprietary Information as that term is defined below and Hospitality Staffing Solutions wishes to protect that Proprietary Information;

NOW, THEREFORE, for and in consideration of the mutual covenants and promises contained herein and the sum of One and No/100 Dollars ($1.00), and for other good and valuable consideration paid by Hospitality Staffing Solutions to RECIPIENT, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## 1. RESTRICTIVE COVENANTS

### 1.1    Proprietary Information of HOSPITALITY STAFFING SOLUTIONS.

1.1.1    In the course of the Discussions and its association with Hospitality Staffing Solutions, RECIPIENT will receive, use and have access to Hospitality Staffing Solutions' Proprietary Information, as defined below.

1.1.2    RECIPIENT agrees that he will maintain the confidentiality of Hospitality Staffing Solutions' Proprietary Information during the term of this Agreement, and for a period of three (3) years after termination of this Agreement, (the "Restricted Time Periods") will not in any fashion, form or manner, directly or indirectly, use, retain, make copies of, prepare excerpts or summaries of, divulge, disclose, disseminate or communicate Hospitality Staffing Solutions' Proprietary Information to any person (except a person then employed by or under contract to RECIPIENT who has a need to know said information), it being understood that RECIPIENT shall maintain Hospitality Staffing Solutions' Proprietary Information in strict and absolute confidence.

**1.1.3**   Upon termination of this Agreement for any reason, or at any time Hospitality Staffing Solutions may request prior thereto, RECIPIENT shall immediately surrender and deliver to Hospitality Staffing Solutions all of Hospitality Staffing Solutions' property whatsoever and all of Hospitality Staffing Solutions' Proprietary Information, whether the same be in writing, print, audio or video tape, computer program, source code or disc, zip file, picture, or any other medium whatsoever, and whether appearing in original documents, summaries, excerpts, abstracts or other formats. RECIPIENT shall have no right to retain any originals or copies of the foregoing for any reason whatsoever after termination of this Agreement without the express prior written consent of Hospitality Staffing Solutions and, upon termination, RECIPIENT shall certify in writing that he no longer possesses and has not distributed or retained Hospitality Staffing Solutions' Proprietary Information or any of Hospitality Staffing Solutions' property whatsoever.

**1.1.4**   The term "Hospitality Staffing Solutions' Proprietary Information" shall mean any information which is not a trade secret, as defined in O.C.G.A. Section 10-1-761(4), and which meets the following definition:

(i)   Information developed or compiled by Hospitality Staffing Solutions and pertaining to its business; methods and procedures for operation of Hospitality Staffing Solutions' business, Hospitality Staffing Solutions' systems of operation; Hospitality Staffing Solutions' financial information, financial plans and product plans; Hospitality Staffing Solutions' plans for marketing and future development; Hospitality Staffing Solutions' business plan;

(ii)   Hospitality Staffing Solutions' forms, records, client lists, client, vendor, professional and customer agreements; the names of Hospitality Staffing Solutions' clients, partners, and joint venturers; the names of Hospitality Staffing Solutions' prospective clients, partners, and joint venturers; Hospitality Staffing Solutions' accounting and financial records and documents, computer programs, and software applications, schematics, and firmware;

(iii)   Data and information relating to the Hospitality Staffing Solutions' business which is or has been disclosed to RECIPIENT or of which RECIPIENT became aware as a consequence of its relationship to Hospitality Staffing Solutions and which has value to Hospitality Staffing Solutions and is not generally known to its competitors;

(iv)   Provided, however, Hospitality Staffing Solutions Proprietary Information shall not include any data or information that has been voluntarily disclosed to the public by Hospitality

2

Staffing Solutions (except where such public disclosure has been made by RECIPIENT without authorization) or that has been independently developed and disclosed by others, or that otherwise enters the public domain through lawful means.

**1.1.5**   RECIPIENT agrees that if, during the Restricted Time Periods, he becomes aware of unlawful use of Hospitality Staffing Solutions' Proprietary Information by a third party, it shall immediately advise Hospitality Staffing Solutions of said occurrence.

## 2. GENERAL PROVISIONS

**2.1**   **Severability**. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby; and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**2.2**   **Breach**. RECIPIENT acknowledges that if RECIPIENT shall violate the provisions of this Agreement, Hospitality Staffing Solutions will suffer immediate and irrevocable harm for which money damages would not be an inadequate remedy. RECIPIENT further acknowledges that in the event of a material breach or threatened material breach of this Agreement by RECIPIENT or his agents or employees, Hospitality Staffing Solutions shall be entitled and RECIPIENT hereby consents to the issuance, in the Superior Court of Cobb County, Georgia, or (at the election of Hospitality Staffing Solutions) the United States District Court for the Northern District of Georgia, Atlanta Division, of a temporary restraining order, preliminary, and permanent injunction, without bond, restraining and enjoining said breach or violations by RECIPIENT and any other person or entity which may be acting in concert with RECIPIENT to whom such confidential information may have been disclosed. In addition, nothing herein shall be construed as prohibiting Hospitality Staffing Solutions from also, or in lieu of injunctive relief, pursuing any other remedies available to Hospitality Staffing Solutions for such breach or threatened breach, including the recovery of damages from RECIPIENT. Each of the restrictive covenants of RECIPIENT contained herein shall be construed as an agreement independent of any other provision in this Agreement, and the existence of a claim or cause of action of RECIPIENT against Hospitality Staffing Solutions, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by Hospitality Staffing Solutions of such covenants. No alleged breach by Hospitality Staffing Solutions or any agreement or arrangement with RECIPIENT shall result in the excusal, waiver or release of RECIPIENT performance of this Agreement. In any action brought to enforce the Agreement, in the event Hospitality Staffing Solutions prevails, Hospitality Staffing Solutions shall be entitled to an award of all reasonable attorneys' fees and expenses incurred by it to enforce the Agreement.

**2.3**    **Construction of Agreement**. This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia without resort to its choice of law provisions. The courts of Cobb County, Georgia shall have exclusive jurisdiction for purposes of injunctive or equitable relief; and the Parties hereby expressly submit themselves to said courts' personal jurisdiction and venue for such resolution.

**2.4**    **Amendment**. This Agreement may not be amended, modified or altered except in writing executed by both Parties.

**2.5**    **Entire Agreement**. This Agreement constitutes the entire agreement and understanding of the Parties with respect to the subject matter hereof, and is intended as the Parties' final expression and complete and exclusive statement of the terms thereof, superseding all prior or contemporaneous agreements, representations, promises and understandings, whether written or oral, and may be amended or modified only by an instrument in writing signed by both Parties.

**2.6**    **Effect**. This Agreement shall be binding upon RECIPIENT, his affiliates, successors, and assigns and shall to inure the benefit of Hospitality Staffing Solutions and its affiliates, successors, and assigns.

**2.7**    **No Assignment**. This Agreement may not be assigned by RECIPIENT.

**2.8**    **No Waiver**. Neither Party shall be deemed to waive any of its rights, powers or remedies hereunder unless such waiver is in writing and signed by said Party. No delay or omission by either Party in exercising any of said rights, powers or remedies shall operate as a waiver thereof. Nor shall a waiver signed by either Party of any breach of the covenants, conditions, or agreements binding on the other Party on one occasion be construed as a waiver or consent to such breach on any future occasion or a waiver of any other covenant, condition, or agreement herein contained.

**2.9**    **Paragraph Headings**. Paragraph headings contained in this Agreement are for convenience only and shall in no way be construed as a part of this Agreement.

**2.10**    **Pronouns**.    Pronouns used herein shall be construed as masculine, feminine or neuter, and both singular and plural as the context may require.

**2.11**    **Notices**. Any notice required or permitted to be given hereunder shall be (a) in writing, (b) effective on the first business day following the date of receipt, and (c) delivered by one of the following means: (i) by personal delivery; (ii) by prepaid, overnight package delivery or courier service; (iii) by the United States Postal Service, first class, certified mail, return receipt requested, postage prepaid; or (iv) by means of electronic communication (followed by confirmation on the same or following day by overnight delivery or by mail as aforesaid). All notices given under this Agreement shall be addressed, in the case of Hospitality Staffing Solutions, as follows:

Hospitality Staffing Solutions

4

1640 Powers Ferry Road
Building 3, Suite 200
Marietta, Georgia 30067

and, in the case of _____, as follows:

_____

or to such other addresses or telecopier numbers of which the Parties have been advised in writing by any of the above-described means. Personal delivery to a Party or to any officer, partner, agent, or employee of such Party at its address herein shall constitute receipt. The following shall also constitute receipt: (i) a Party's rejection or other refusal to accept notice, and (ii) the inability to deliver to a Party because of a changed address or email address of which no notice has been received by the other Party. Notwithstanding the foregoing, no notice of change of address or email address shall be effective until ten (10) days after the date of receipt thereof. This Section shall not be construed in any way to affect or impair any waiver of notice or demand herein provided.

IN WITNESS WHEREOF, the Parties have caused this Confidentiality Agreement to be executed by their duly authorized officers on the day and year first above written.

Hospitality Staffing Solutions

By: _____
Name: Mauricio Ramirez
Its: Regional VP. OF, OPS,

_____
WITNESS

Noeni R Reyes
Print or Type Name of Recipient

By: _____
Recipient Signature

_____
WITNESS

5